Brian J. Panish (CSB #116060)
Panish@psblaw.com
**PANISH SHEA & BOYLE LLP**
11111 Santa Monica Blvd., Suite 700
Los Angeles, California 90025-3341
Telephone: (310) 477-1700
Facsimile: (310) 477-1699

John B. Richards (CSB #175882)
jbr@jbrlaw.com
**LAW OFFICE OF JOHN B. RICHARDS**
137 E. Anapamu Street
Santa Barbara, California 93101
Telephone: (805) 683-2736
Facsimile: (805) 965-5698

Attorneys for Plaintiff

FILED
2009 DEC -8 PM 3:48
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MATTHEW BURNS,<br><br>Plaintiff,<br><br>vs.<br><br>SPERIAN FALL PROTECTION, INC., a Delaware corporation, f/k/a BACOU-DALLOZ; PENSAFE, INC., a Canadian corporation; PERI FORMWORK SYSTEMS, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: CV09-0165 GW (RZx)<br><br>Honorable George H. Wu<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

All allegations in this Second Amended Complaint are based upon information and belief except those allegations that pertain to Plaintiff, which are based on personal knowledge. Plaintiff's information and belief are based upon, *inter alia*, Plaintiff's own investigation, the investigation conducted by Plaintiff's attorneys, and the information obtained by Plaintiff's attorneys by means of the discovery conducted to date in this action. Each allegation in this Second Amended Complaint either has evidentiary support or, alternatively, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF THE ACTION

1. Plaintiff Matthew Burns ("Plaintiff") brings this action against the defendants named herein seeking to recover damages for the personal injuries that he suffered as a result of a fall on September 25, 2007, as well as compensation for other past, present and future losses (including, but not limited to, lost earnings and medical expenses) and other injuries (including, but not limited to, pain and suffering) proximately caused by the fall.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action by virtue of its removal to this Court by previously named defendant Sperian Protection USA, Inc. ("Sperian USA") on January 8, 2009, pursuant to 28 U.S.C. §1441(b). As the basis for removal, Sperian USA asserted that this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and that this action properly was removed to this Court pursuant to 28 U.S.C. §1441(b) (diversity).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and §1446(a) because one or more of the defendants transacts substantial business within, and is subject to personal jurisdiction in, this judicial district, because a substantial part of the events giving rise to the

claims asserted herein took place in this judicial district, and because the Central District of California is the judicial district within which the original state court action was filed.

## PARTIES

4. Plaintiff is a resident of Santa Maria, California. At the time of the fall that resulted in his injuries, Plaintiff was employed by Diani Building Corp. as a carpenter. On September 25, 2007, the date of Plaintiff's fall, Plaintiff was working at the Diablo Canyon Power Plant facility located in Avila Beach, California. At the time of his fall, Plaintiff was secured to a wall form approximately twenty feet above the ground by means of a Miller Titan Rebar Chain Assembly T8221 ("the subject Titan T8221") bearing a manufacture date of June 2007 that acted as a link between Plaintiff's safety harness and the anchor that was secured to the wall form system ("subject anchor and wall form system"), both of which were manufactured, designed, assembled, tested, inspected, approved, conceived, sold and/or distributed by defendant PERI Formwork Systems Inc., ("PERI").

5. Defendant Sperian Fall Protection, Inc. ("Sperian") is a Delaware corporation with its principal place of business located in Franklin, Pennsylvania. Until approximately late 2007, Sperian conducted business under the name of Bacou-Dalloz. Sperian presently does business under the trade name of Miller Fall Protection and does business within the judicial district where this action is pending. Sperian and/or one or more of its legal predecessors is the entity that is responsible for:

a. the overall design of the subject Titan T8221;

b. the manufacture of the label(s) affixed to the subject Titan T8221;

c. the sale of the subject Titan T8821 to its distributor;

d. the language on the label(s) affixed to the subject Titan T8221;

e. the language contained in the instructional manual(s) that accompanied the sale of the subject Titan T8221;

f. the language contained in the warning document(s) that accompanied the sale of the subject Titan T8221;

g. the language set forth on the packaging that accompanied the sale of the subject Titan T8221;

h. the testing of the subject Titan T8221 for functionality;

i. the training of its distributor in the use of the subject Titan T8221;

j. ensuring that the subject Titan T8221 complied with applicable federal government safety regulations;

k. ensuring that the subject Titan T8221 complied with applicable Cal-OSHA safety regulations; and

l. ensuring that the subject Titan T8221 complied with applicable industry standards.

6. Defendant PenSafe, Inc. ("PenSafe") is a corporation organized and existing under the laws of Canada with its principal place of business located in Stoney Creek, Ontario. Pensafe is the entity that is responsible for:

a. the design of the rebar hook component of the subject Titan T8221;

b. the design of the two snap hook components of the subject Titan T8221;

c. the manufacture of the rebar hook component of the subject Titan T8221;

d. the manufacture of the two snap hook components of the

subject Titan T8221;

e. the assembly of the component parts of the subject Titan T8221;

f. the testing of the rebar hook and snap hook components of the subject Titan T8221 for compliance with the federal OSHA, Cal-OSHA and ANSI requirements that they be able to withstand a 3600 pound tensile strength pull test;

g. the testing of the rebar hook and the snap hook components of the subject Titan T8221 for functionality;

h. ensuring that the subject Titan T8221 complied with applicable federal government safety regulations;

i. ensuring that the subject Titan T8221 complied with applicable Cal-OSHA safety regulations; and

j. ensuring that the subject Titan T8221 complied with applicable industry standards.

7. PERI is a corporation organized and existing under the laws of the state of Maryland with its principal place of business located in Elkridge, Maryland. PERI is the entity that is responsible for:

a. the design of the subject anchor and wall form system;

b. the design of the components of the subject anchor and wall form system;

c. the manufacture of the subject anchor and wall form system;

d. the manufacture of the components of the subject anchor and wall form system;

e. the assembly of the subject anchor and wall form system;

f. the assembly of the components of the subject anchor and wall form system;

g. the testing of the subject anchor and wall form system for compliance with the federal OSHA, Cal-OSHA and ANSI requirements that they be able to withstand a 3600 pound tensile strength pull test;

h. the testing of the components of the subject anchor and wall form system for compliance with the federal OSHA, Cal-OSHA and ANSI requirements that they be able to withstand a 3600 pound tensile strength pull test;

i. the testing of the components of the subject anchor and wall form system for functionality;

j. the testing of the subject anchor and wall form system for functionality;

k. ensuring that the subject anchor and wall form system complied with applicable federal government safety regulations;

l. ensuring that the components of the subject anchor and wall form system complied with applicable federal government safety regulations

m. ensuring that the subject anchor and wall form system complied with applicable Cal-OSHA safety regulations;

n. ensuring that the components of the subject anchor and wall form system complied with applicable Cal-OSHA safety regulations;

o. ensuring that the subject anchor and wall form system complied with applicable industry standards; and

p. ensuring that the components of the subject anchor and wall form system complied with applicable industry standards;

8. Plaintiff believes that the subject anchor and wall form system was rented or leased by Plaintiff's employer from Defendant PERI in or about July, 2007. Plaintiff believes that the subject Titan T8221 was purchased in or about July, 2007. Plaintiff alleges that new mandated standards for the strength of the safety gate/latch for all Titan T8221s (including the subject Titan T8221) were scheduled to be issued in September, 2007, and that Defendants, and each of them, knew of the same, yet continued to manufacture and/or sell the Titan T8221s (including the subject Titan T8221) with the weaker safety gate/latch.

9. Plaintiff believes that following the subject incident, Plaintiff's employer (Diani Building Corporation) inspected all other Titan T8221s in it's possession that were being used on the same project by Plaintiff's co-workers and discovered several others with safety gates/latches on the positioning hooks that posed the same risk of failure and/or malfunctioned (i.e. susceptible to springing open) during regular use.

10. Plaintiff contends that Defendants engaged in acts and/or conduct with malice, oppression or fraud. The conduct constituting malice, oppression or fraud was committed by one or more officers, directors, or managing agents of Defendant(s) who acted on behalf of other Defendant(s). The conduct constituting malice, oppression or fraud was authorized by one or more officers, directors or managing agents of Defendant(s). One or more of the officers, directors or managing agents knew of the conduct constituting malice, oppression or fraud and adopted or approved of that conduct after it occurred.

11. Plaintiff does not know the true names and capacities of the individuals and/or entities named herein as DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Second Amended Complaint to identify these

defendants at such time as their names and capacities have been ascertained or discovered. Each of DOES 1 through 20, inclusive, is an individual or entity that was responsible in whole or in part for manufacturing, designing, assembling, labeling, packaging, testing, distributing or selling either the Titan T8221 or the subject anchor and wall form system. Consequently, each of DOES 1 through 20, inclusive, is in some manner legally responsible for the events, injuries and damages alleged in this Second Amended Complaint.

12. As used herein, "Defendants" shall mean and refer to Sperian, PenSafe, PERI and DOES 1 through 20, collectively.

## FACTUAL BACKGROUND

13. On September 25, 2007, Plaintiff was working as an employee of Diani Building Corp. at a construction project at the Diablo Canyon Power Plant facility in Avila Beach, California. At the time of his fall, Plaintiff was engaged in the task of positioning Peri wall forms. Plaintiff was wearing a full body harness which was secured to a "climbing grip" or anchor that was bolted into the wall form system. The Titan T8221 served as the link between Plaintiff's body harness and the climbing grip or anchor. The Titan T8221 is a multi-component assembly consisting of: (1) a safety-gated rebar hook (that hooks directly onto the climbing grip): (2) a six to eight inch length of steel chain that attaches to the rebar hook; (3) two connector links that attach to the other end of the chain; and (4) two safety-gated snap hooks that attach to the other ends of the connector links and then hook onto the two "D" rings of the body harness.

14. At the time of his fall, Plaintiff was repositioning himself in order to assist a co-worker in moving a brace attached to the wall form. Unbeknownst to Plaintiff, during the brief time of his repositioning, the safety gate on the rebar hook failed and sprang open. As a result, the rebar hook

became detached from the climbing grip or anchor, and Plaintiff fell backward approximately fifteen to eighteen feet to the ground below. Plaintiff bounced off a 2x4 wooden brace, struck his face on a capped rebar rod and landed on his back on a concrete slab.

15. As a result of the fall, Plaintiff sustained injuries to his back, hip and face including a cracked rib, multiple fractured vertebrae, a crushed hip and facial lacerations as well as a severe hematoma and internal bleeding. Plaintiff was hospitalized for his injuries and subsequently underwent both hip replacement surgery as well as a microdiskectomy of his lumbar spine. Plaintiff anticipates that he will be undergoing a second hip surgery and another back surgery. Plaintiff has been unable to work since the time of his fall and suffers from constant pain in his back and hip in addition to other areas of his body.

**FIRST CLAIM FOR RELIEF**

**(For Negligence)**

16. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 15, inclusive, as though fully set forth herein.

17. Defendants owed a duty to Plaintiff to exercise due care and diligence in manufacturing, designing, assembling, labeling, packaging, testing, distributing and/or selling both the Titan T8221 and the subject anchor and wall form system. Defendants also had an obligation to warn Plaintiff of any and all known dangers associated with both the Titan T8221 and the subject anchor and wall form system including, but not limited to: 1) the lack of compatibility between the Titan T8221 and the subject anchor and wall form system; and 2) the danger of the rebar hook failing and springing open.

18. Defendants breached their duties of care to Plaintiff by: (a) failing

to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to the manufacture, design, assembly, labeling, packaging, testing, distribution and/or sale of both the Titan T8221 and the subject anchor and wall form system in a defective condition; and (b) failing to warn Plaintiff of any and all known dangers associated with both the Titan T8221 and the subject anchor and wall form system, including, but not limited to, the danger of the rebar hook failing and springing open.

19. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered pain, injury and discomfort, as well as medical expenses attributable thereto, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

20. As an additional, direct and proximate result of Defendants' negligence, Plaintiff has lost earnings due to his inability to work and, to the extent that he is able to work in the future, will suffer from a diminished earning capacity attributable to his injuries, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

21. As a further, direct and proximate result of Defendants' negligence, Plaintiff has suffered serious emotional distress and anxiety attributable to a reasonable fear of future harm caused by his injuries and the possible need for future additional surgery, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF

## (For Strict Liability For Product Defect)

22. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Prior to the date of Plaintiff's fall on September 25, 2007,

Defendants manufactured, designed, assembled, labeled, packaged, tested, distributed and/or sold the Titan T8221 and the subject anchor and wall form system in the defective condition in which it existed on September 25, 2007.

24. The Titan T8221 and the subject anchor and wall form system were in a defective condition at the time that they left the control of each of the Defendants, and Defendants knew that the Titan T8221 and the subject anchor and wall form system would be purchased and/or leased and used without inspection for any defects.

25. The Titan T8221 was defective in that the safety gate on the rebar hook was subject to failing and springing open, thereby exposing the user of the Titan T8221 to the possibility of severe injury. The subject anchor and wall form system were defective in that it was, among other things, incompatible with the Titan T8221.

26. The Titan T8221 and the subject anchor and wall form system were both in a defective condition prior to their use by Plaintiff on September 25, 2007 and, therefore, were unreasonably dangerous to Plaintiff at the time that it was used by Plaintiff.

27. At the time that the safety gate on the rebar hook failed and sprang open, both the Titan T8221 and the subject anchor and wall form system were being used by Plaintiff in a manner that was intended by and/or reasonably foreseeable to Defendants.

28. As a direct and proximate result of the product defects in both the Titan T8221 and the subject anchor and wall form system, Plaintiff has suffered pain, injury and discomfort, as well as medical expenses attributable thereto, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

29. As an additional, direct and proximate result of the product defects

in the Titan T8221 and the subject anchor and wall form system, Plaintiff has lost earnings due to his inability to work and, to the extent that he is able to work in the future, will suffer from a diminished earning capacity attributable to his injuries, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

30. As a further, direct and proximate result of the product defects in the Titan T8221 and the subject anchor and wall form system, Plaintiff has suffered serious emotional distress and anxiety attributable to a reasonable fear of future harm caused by his injuries and the possible need for future additional surgery, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

**THIRD CLAIM FOR RELIEF**

**(For Strict Liability For Failure To Warn)**

31. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Defendants had a duty to timely warn Plaintiff of any and all possible risks and/or defects in the Titan T8221 and the subject anchor and wall form system that were known to Defendants or reasonably should have been known to Defendants.

33. Defendants failed to warn Plaintiff that the safety gate on the rebar hook was subject to failing and springing open, thereby exposing Plaintiff to the possibility of severe injury. Defendants also failed to warn Plaintiff that the Titan T8221 was incompatible with the subject anchor and wall form system

34. As a direct and proximate result of Defendants' failure to warn Plaintiff regarding the possible failure of both the safety gate on the Titan

T8221 and the subject anchor and wall form system, Plaintiff has suffered pain, injury and discomfort, as well as medical expenses attributable thereto, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

35. As an additional, direct and proximate result of Defendants' failure to warn Plaintiff regarding the possible failure of both the safety gate on the Titan T8221 and the subject anchor and wall form system, Plaintiff has lost earnings due to his inability to work and, to the extent that he is able to work in the future, will suffer from a diminished earning capacity attributable to his injuries, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

36. As a further, direct and proximate result of Defendants' failure to warn Plaintiff regarding the possible failure of both the safety gate on the Titan T8221 and the subject anchor and wall form system, Plaintiff has suffered serious emotional distress and anxiety attributable to a reasonable fear of future harm caused by his injuries and the possible need for future additional surgery, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

## FOURTH CLAIM FOR RELIEF

## (For Breach Of Implied Warranty Of Fitness)

37. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 36, inclusive, as though fully set forth herein.

38. Defendants manufactured, designed, assembled, labeled, packaged, tested, distributed and/or sold both the Titan T8221 and the subject anchor and wall form system for use in connection with construction jobs that required workers to be secured at potentially dangerous heights and knew that

both the Titan T8221 and the subject anchor and wall form system would be used for that purpose and relied upon to prevent falls from such heights.

39. Defendants impliedly warranted that the Titan T8221 and the subject anchor and wall form system would be fit for the ordinary purposes for which it was intended – that is, use in connection with construction jobs that required workers to be secured at potentially dangerous heights.

40. Plaintiff relied upon the skill and judgment of Defendants to manufacture, design, assemble, label, package, test, distribute and/or sell both the Titan T8221 and the subject anchor and wall form system in a manner that rendered both the Titan T8221 and the subject anchor and wall form system fit for use in connection with construction jobs that required workers to be secured at potentially dangerous heights.

41. Defendants breached the implied warranty of fitness with respect to the Titan T8221 and the subject anchor and wall form system by manufacturing, designing, assembling, labeling, packaging, testing, distributing and/or selling both the Titan T8221 and the subject anchor and wall form system in a manner that rendered the Titan T8221 and the subject anchor and wall form system unfit for the ordinary purposes for which it was intended – that is, use in connection with construction jobs that required workers to be secured at potentially dangerous heights.

42. As a direct and proximate result of Defendants' breach of the implied warranty of fitness with respect to both the Titan T8221 and the subject anchor and wall form system, Plaintiff has suffered pain, injury and discomfort, as well as medical expenses attributable thereto, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

43. As an additional, direct and proximate result of Defendants'

breach of the implied warranty of fitness with respect to both the Titan T8221, and the subject anchor and wall form system Plaintiff has lost earnings due to his inability to work and, to the extent that he is able to work in the future, will suffer from a diminished earning capacity attributable to his injuries, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

44. As a further, direct and proximate result of Defendants' breach of the implied warranty of fitness with respect to both the Titan T8221 and the subject anchor and wall form system, Plaintiff has suffered serious emotional distress and anxiety attributable to a reasonable fear of future harm caused by his injuries and the possible need for future additional surgery, for which Plaintiff is entitled to recover compensatory damages in an amount according to proof at trial.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1. For compensatory damages in an amount according to proof at trial;

2. For punitive damages in an amount according to proof at trial;

3. For recoverable costs of suit to the extent permitted by law; and

///

///

///

///

///

///

4. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: December 8, 2009

PANISH SHEA & BOYLE LLP
LAW OFFICE OF JOHN B. RICHARDS

By: /S/
Brian Panish
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the State of California, County of Los Angeles.- My business address is 11111 Santa Monica Blvd., Suite 700, Los Angeles, CA 90025.

On **December 8, 2009**, I served true copies of the following document(s) described as

**SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL**

**X** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 8, 2009 at Los Angeles, California.

Monica Davis

**SERVICE LIST**

Matthew Burns vs. Sperian Fall Protection

CV 09-0165 ODW – RZ

Randolph Moore, Esq.
**SNELL & WILMER, LLP**
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
*Attorneys for Sperian Protection USA, Inc. and Miller Fall Protection, Inc.*

Nadine D.Y. Adrian, Esq.
**ENGLAND PONTICELLO & ST. CLAIR**
701 B. Street, Suite 1790
San Diego, CA 92101
*Attorneys for Seabright Insurance Company*

William Baumgartner, Esq.
**HAIGHT BROWN LLP**
6080 Center Drive, Suite 800
Los Angeles, CA 90045
*Attorneys for Pensafe Protection USA*